# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE CO., ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> GEORGE MITCHELL and BNSF ) </br> RAILWAY COMPANY, ) </br> ) </br> Defendants. ) | Case No.  15-cv-1037 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff Liberty Mutual Insurance Company's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4). Plaintiff filed its motion on January 25, 2015 and this Court held a hearing on it on January 26, 2015 at which all parties were present. For the reasons explained below, the Court *sua sponte* dismisses this matter.

### BACKGROUND

On January 23, 2015, Plaintiff Liberty Mutual Insurance Company filed a Complaint for Declaratory Judgment and Other Relief against George Mitchell and BNSF Railway Company. Two days later, on January 25, 2015, Plaintiff filed the currently pending motion for an emergency temporary restraining order. In it, Plaintiff requests that the Court immediately issue a temporary restraining order and preliminary injunction to quash, vacate, or stay any proceedings initiated by Defendant George Mitchell to collect on an underlying judgment for tort damages.

This dispute stems from litigation brought by Defendant George Mitchell against Defendant BNSF Railway Company in the Circuit Court of Hancock County, Illinois pursuant to the Federal Employers' Liability Act ("FELA"). In the underlying litigation, Mitchell sued BNSF for injuries that he incurred while working as a trackman for BNSF over the course of fourteen years. After a trial, a jury awarded Mitchell nearly $1.8 million in damages for medical expenses, lost earnings, disability, pain and suffering, and emotional distress.

BNSF appealed the jury verdict and also filed a motion to stay enforcement and execution of the judgment during the course of the appeal. As part of its motion to stay, BNSF filed a bond issued by Plaintiff Liberty Mutual, as a surety, for 150% of the judgment amount. The Bond included language explaining that it was payable "for such portion of the judgment as is affirmed and not reversed following the exhaustion of all appellate remedies." (Doc. 5 at 5). The state circuit court entered the stay on August 20, 2012.

This dispute arises because a second appeal followed BNSF's first, direct appeal. While the direct appeal was pending before the Illinois appellate court, BNSF discovered evidence that suggests Mitchell is not as injured as the jury found that he was. Namely, an Illinois Sheriff, Scott Bentzinger, observed Mitchell stealing wire from power line structures. He attests that Mitchell both sat on top of the power line and cut the wire, and later bent over to pick up fallen wire off the ground. On February 11, 2014, BNSF filed a petition pursuant to 735 Ill. Comp. Stat. 5/2-1401 (the "Section 1401 Petition") in which it sought relief from the trial court's judgment based upon this information.

After filing its Section 1401 petition in the trial court, BNSF requested that the appellate court stay its decision on the pending direct appeal until the trial court resolved the Section 1401 petition. The appellate court denied the request. It affirmed the trial court's judgment on May 28, 2014. The Illinois Supreme Court denied BNSF's motion for leave to file an appeal on September 24, 2014.

The trial court denied BNSF's Section 1401 petition on June 11, 2014, and BNSF filed an appeal on July 9, 204. This appeal is currently pending.

The Illinois appellate court issued a notice of mandate in November 2014, even though the Section 1401 petition's appeal remains pending. After the mandate issued, Mitchell began attempting to collect on the underlying judgment.

Thus far, BNSF's attempts in state court to keep Mitchell from collecting until the resolution of the Section 1401 petition's appeal have been unsuccessful. BNSF filed a motion to recall the mandate and continue the stay, but it was denied. It then filed a motion in the trial court to continue or issue a new stay of enforcement of the judgment pending the Section 1401 appeal, which was denied on January 16, 2015. BNSF filed an interlocutory appeal of this decision with the appellate court, and also filed two motions with the appellate court: an emergency motion for a temporary stay of the judgment pending the Section 1401 appeal, and a motion to stay the enforcement of the judgment pending the section 1401 appeal. The appellate court denied BNSF's emergency motion, and is currently considering BNSF's interlocutory appeal and its separate motion for a stay.

As a surety on the Bond, Plaintiff Liberty Mutual Insurance Company is the secondary obligor to Mitchell, after BNSF. Although it has an interest in the trial

3

court proceedings as a surety, it has not been a party to any of the litigation in state court. On January 21, 2015, however, Mitchell filed a state court citation proceeding against Plaintiff. Mitchell served Plaintiff with notice of the citation proceeding sometime later, which directs Plaintiff to appear in state court on February 4, 2015 and produce all documents related to the Bond at issue in this case.

## DISCUSSION

The court will not consider the merits of Plaintiff's motion for a temporary restraining order, and will instead dismiss the Complaint. First, the Court questions whether it has subject matter jurisdiction over the Complaint or the ability to provide the relief that Plaintiff requests. Second, even if the Court does have subject matter jurisdiction, there are factors that call for the Court to exercise its prerogative to abstain from hearing this case. Although Plaintiff may not have been a party to any of the underlying litigation prior to the initiation of citation proceedings against it, its interests have been closely aligned with and represented by BNSF. BNSF has raised these issues in state court, and comity suggests that Liberty Mutual should not have the opportunity to come ventilate them in federal court.

If the Court was to hear the matter, there is a substantial possibility that any decision would conflict with the state court's decision. The Court has no interest in entering this potential morass, in which it "might be indulging in gratuitous interference [with state court proceeding] if it permitted the federal declaratory action to proceed." *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995). Therefore, it dismisses the Complaint.

## I. The *Rooker-Feldman Doctrine*

A federal court's first task is determining whether it has subject matter jurisdiction over a pending Complaint. *Grinnell Mut. Reins. Co. v. Haight*, 697 F.3d 582, 584 (7th Cir. 2012). In this case, Plaintiff has premised its jurisdiction on 28 U.S.C. § 1332(a), as Plaintiff and Defendants are completely diverse and the amount in controversy exceeds $75,000. The Court notes, however, that by its nature, this proceeding appears to implicate the *Rooker-Feldman* doctrine.

Together, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) hold that the United States Supreme Court is the only federal court that may review judgments entered by state courts in civil litigation. As the Supreme Court has more recently explained, this doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 284 (2005). Cases that meet these requirements are properly dismissed for want of subject-matter jurisdiction. *Id.* at 283-84.

In this case, an Illinois state court rejected BNSF's attempts to stay enforcement of the underlying judgment against it; and Plaintiff has filed this motion in an effort to keep Mitchell from enforcing his underlying judgment. Because this is a case in which the complained of injury was arguably caused by a state court judgment that was rendered before the commencement of these proceedings, the Court is skeptical of its subject-matter jurisdiction.

However, the Court notes that Plaintiff was not a party to the underlying litigation. For that reason, it cannot comfortably dismiss the Complaint under the *Rooker-Feldman* doctrine. *See id.* It is true that Plaintiff and BNSF have remarkably similar interests. Both parties are obligated to pay the bond at issue in satisfaction of the underlying judgment: BNSF as a primary obligor and Plaintiff as a secondary obligor. And both are interested in having a court interpret the language in the Bond so that neither is liable for payment on the bond until the exhaustion of all of BNSF's appeals. Therefore, it is true that both parties can claim injury from the fact that the state court has, up until this point, refused to stay enforcement of the judgment while the Section 1401 appeal remains pending.

However, as counsel for Plaintiff made clear during oral argument, Plaintiff was never a party in the proceedings below, never intervened in the proceedings below, and has certain interests that are distinct from BNSF's interests, including its business reputation as a surety. Because the Supreme Court has narrowly limited the *Rooker-Feldman* doctrine's reach to parties who were participants in the state court proceeding at issue and would therefore be in a position to ask it to review the state court judgment, the Court concludes that the doctrine does not bar subject matter jurisdiction in this case. *See Lance v. Dennis*, 546 U.S. 459, 465 (2006).

## II. The Anti-Injunction Act

During the hearing, Defendant Mitchell suggested that the Court was barred from granting Plaintiff some of the relief that it sought. Namely, Mitchell suggested that the Anti-Injunction Act bars federal courts from granting any injunctive relief

6

that would have the effect of enjoining an ongoing state court proceeding. To the extent that Plaintiff seeks an injunction which would prevent Plaintiff from using the state courts to collect his judgment, the Court concludes that such relief is barred by the Anti-Injunction Act.

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act recognizes the "fundamental constitutional independence of the States and their courts, and its purpose is to make the dual system of state and federal courts work without needless friction." *Zurich American Ins. Co. v. Superior Court for State of Calif.*, 326 F.3d 816, 824 (7th Cir. 2002)(citation omitted) (internal quotation marks omitted). A court cannot evade the Anti-Injunction Act by "addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atl. Coast Line R.R. Co. v. Broth. Of Locomotive Eng'rs.*, 398 U.S. 281, 287 (1970).

In this case, Plaintiff is seeking an injunction that would keep George Mitchell from utilizing Illinois state courts in order to collect his judgment. Therefore, the Anti-Injunction Act applies. *See id.* Moreover, none of the exceptions to the Anti-Injunction Act apply. The Court has not located any express act of Congress that would permit it to enjoin a state court in this case. Indeed, this appears to be the very kind of case that would create friction between state and federal courts. *See Zurich American Ins. Co.*, 326 F.3d at 824. Similarly, the Court does not need to issue any kind of injunction in order to aid its jurisdiction. Such an

exception allows injunctive relief when it "may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id.* at 825. No such flexibility concerns are present here, as the Court will dismiss this case and have nothing left to decide after today. Finally, there is no need for the Court to protect or effectuate its judgments. This exception "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Id.* at 825, n. 6 (internal quotation marks omitted). In this case, however, there is no federal judgment to protect. This is a matter that arises under state law and emerges from protracted litigation within the state courts. When Plaintiff filed the Complaint on January 23, 2015, that was the first time the matter had seen a federal court.

For these reasons, the Court concludes that it lacks the authority pursuant to the Anti-Injunction Act to provide relief that would enjoin Mitchell from utilizing state court procedures to collect on his judgment.

### III. *Wilton-Brillhart* Abstention

Having decided that it has no authority to provide the injunctive relief that Plaintiff has requested, the Court turns to the declaratory relief that Plaintiff has requested. Plaintiff seeks a declaration from the Court that the bond for which it is the secondary obligor is not payable until BNSF has exhausted all of its appellate remedies in Illinois state court. The Court will abstain from considering this question.

The Declaratory Judgment Act provides that a federal court "*may* declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201 (emphasis added). Under the doctrine of *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), federal courts can abstain from proceeding in a declaratory judgment suit "where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Brillhart*, 316 U.S. at 495).

Under *Wilton-Brillhart* abstention, "district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). "There is no set criteria for when a court should exercise its discretion to abstain . . . but the classic example of when abstention is proper occurs where . . . solely declaratory relief is sought and parallel state proceedings are ongoing." *Id.* at 986. "Two actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id.*

As discussed above, the Anti-Injunction Act prohibits the Court from granting injunctive relief of the nature that Plaintiff requests. That leaves the Court with Plaintiff's request for declaratory relief under Count I of the Complaint. Because the only relief that the Court can grant is declaratory, *Wilton-Brillhart* abstention is appropriate if there are ongoing parallel state proceedings. *See id.*

The Court concludes that the citation proceedings initiated by Defendant Mitchell against Plaintiff qualify as parallel proceedings for the purpose of *Wilton-Brillhart* abstention. This exact issue was presented in *Travelers Property Casualty Co. v. Rogan Shoes, Inc.*, No. 11-cv-694, 2011 WL 2637257 (N.D. Ill. July 6, 2011), aff'd as modified sub nom. *Travelers Property Casualty Co. v. Good*, 689 F.3d 714 (7th Cir. 2010). There, a prevailing party served on the defendant's insurance company a supplementary citation to discover its assets. *Id.* at *1. The insurance company, which was not a party to the underlying litigation, sought a declaratory judgment from a federal court that the claims at issue in the underlying litigation fell outside of the scope of its insurance policy with the defendant in the underlying litigation. *Id.* Judge Lefkow dismissed the case, concluding that the supplementary citation proceeding provided a parallel proceeding to the proceeding in federal court for declaratory relief. *See id.* at *2. This is because "[i]t is well-settled that the rights of a citation respondent may be adjudicated in a supplemental proceeding, even if the respondent is not a party to the underlying litigation." *Id.*

In this case, Plaintiff, like the insurance company in *Travelers Property Casualty Co.*, can litigate the pertinent issues as part of the citation hearing. *See id.* Plaintiff admitted as much during the hearing, but suggested that it wished to proceed in federal court because of the time that it had spent preparing its Complaint before being served with notice of the citation hearing. Plaintiff, however, did not suggest that the citation hearing was not a parallel proceeding. In this case, therefore, there are currently two fora in which Plaintiff could litigate this issue: this Court and the Illinois state trial court.

The Court concludes that the interests of comity call for it to refrain from interfering with the pending state court litigation and abstain from hearing this case. *See Arnold*, 752 F.3d at 707.

## CONCLUSION

For the reasons stated above, Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction is DENIED and the Court *sua sponte* DISMISSES this action. CASE TERMINATED.

Entered this 27th day of January, 2015.

                                            s/Joe B. McDade
                                            JOE BILLY McDADE
                                  United States Senior District Judge